IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL MARSH**<br>    Plaintiff,<br><br>v.<br><br>**HARRY E. WILSON, et al.**<br>    Defendants. | :<br>:<br>:<br>:<br>:   CIVIL ACTION NO. 05-2788<br>:<br>:<br>: |

**MEMORANDUM AND ORDER**

Tucker, J.                                                                                                September 8, 2008

Presently before this Court is Petitioner's Motion for Reconsideration (Doc. 21). For the reasons set forth below, this Court will deny Petitioner's Motion for Reconsideration.

**FACTS AND PROCEDURAL HISTORY**

On February 14, 1985, after a jury trial before the Honorable Charles Durham, Petitioner was convicted of second degree murder, robbery, aggravated assault, criminal conspiracy, and possession of an instrument of crime. After denying post-verdict motions, Judge Durham sentenced Petitioner to life imprisonment for the murder conviction and a concurrent term of 2 ½ - 5 years for the aggravated assault conviction. The Superior Court affirmed the judgments of the sentence on November 16, 1989. Petitioner did not seek review in the Pennsylvania Supreme Court.

On January 14, 1997, Petitioner filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§9541-9551. He retained counsel and filed an amended petition. The PCRA Court dismissed the petition and a timely appeal was filed with the Superior Court. The appeal was dismissed on June 7, 1999 for failure to file a brief.

On September 13, 2001, Marsh filed a second petition to have his PCRA appeal rights reinstated, among other things. The petition was denied as untimely. The Superior Court

reversed the dismissal finding that Petitioner was denied adequate consideration of his first PCRA appeal. Accordingly, the rights to appeal were reinstated. <u>Commonwealth v. Marsh</u>, 2106 EDA 2002. The Commonwealth filed an appeal in the Pennsylvania Supreme Court. The Superior Court's decision was reversed, finding that Petitioner's claim of ineffective assistance of counsel fell outside the enumerated exceptions provided to the PCRA's limitations period. On February 24, 2004 the Superior Court dismissed the appeal and affirmed the PCRA Court's decision, pursuant to the Supreme Court's directive.

On June 10, 2005, Petitioner filed for habeas corpus seeking the following claims for relief:

1. The Commonwealth's failure to provide the state court record during the PCRA proceeding resulted in a denial of his right to appeal;
2. Petitioner was convicted based on evidence obtained pursuant to an unlawful arrest;
3. Ineffective assistance of counsel; and
4. The Commonwealth's failure to locate his file deprived him of the right to appeal.

The habeas corpus petition was denied as untimely. Additionally, the Magistrate Judge determined that Petitioner's lack of diligence was the primary cause of delay in filing his appeal–not the Commonwealth's failure to locate the file, which is central to the current Motion for Reconsideration.

On September 29, 2006, the Court overruled Petitioner's Objections and adopted the Report and Recommendations. For a second time, Petitioner's claim that the Commonwealth's failure to locate his file was rejected. On June 1, 2007, Petitioner filed a Motion for Discovery under Rule 6(a). The motion requested discovery related to the claims of ineffective assistance of counsel and the Commonwealth's files–both of which were already found to not warrant relief in the Report and Recommendation as well as the overruling of Petitioner's objections. Petitioner's request was dismissed as moot on July 9, 2007.

Petitioner now presents the same issues for a fourth time in the present request for reconsideration filed March 24, 2008.

## LEGAL STANDARD

Under FED. R. CIV. P. 59(e), a litigant may move to alter or amend a judgment within ten days of its entry.[1]  The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996). See Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1.

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank. F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989), appeal dismissed, 919 F.2d 225 (3rd Cir. 1992)). Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises.  See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," Maldonado v. Lucca, 636

---

[1] It should be noted that Petitioner's Motion is also untimely.  The Court, however, elects to further comment on the substance of Petitioner's Motion as well.

F. Supp. 621 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

## DISCUSSION

Petitioner's request for a Rule 6(a) discovery hearing is at its essence, a request for reconsideration of the adoption of the Report and Recommendation.  As the motion states, "Petitioner believes that the Court misinterpreted the original motion," which was a request for a discovery hearing to address issues with counsel and the Commonwealth's missing records.  The request for a discovery hearing must be denied because Petitioner disagrees with the Court's three previous rulings on the discovery matter.  Petitioner fails to understand that the discovery issues may not be bifurcated from the Court's previous dispositions on his habeas request and subsequent discovery motions.  A discovery hearing is not appropriate because the Court has concluded on three previous occasions that the missing court files were not sufficient to overcome Petitioner's obligation to exercise minimal diligence.  The Court's Order dated September 29, 2006 adopting the Report and Recommendation states:

> "Petitioner argues that he diligently pursued his post-conviction rights during the period between the filing of his first and second petitions because he sought to locate his state court records.  However, there is no demonstration of any exercise of due diligence after a final determination on his second PCRA was made in February 2004 and before he filed the instant petition in June 2005."

Thus, in the absence of proper diligence by Petitioner to justify tolling, the location of the court records is moot as it was not central to the Court's disposition.  Therefore, any information gleaned from the missing records would not effect the Court's findings in the Report and Recommendation. Reconsideration is a sparsely granted remedy and is an inappropriate tool to relitigate old matters,

specifically those already considered by the Court on three previous occasions. <u>NL Indus., Inc. v. Commercial Union Ins. Co.</u>, 935 F.Supp. at 516.  <u>See</u> Wright, Miller & Kane, <u>Fed. Practice and Procedure</u>: Civil 2d § 2810.1. Given the numerous reviews by the Court of this matter, any further attempts to pursue the requested remedy are better suited for appeal.

  For the aforementioned reasons, Petitioner's Motion is denied.  An appropriate Order follows.